The undersigned have reviewed the prior Order based upon the record of the proceedings on 23 January 1996 before Deputy Commissioner Shuping, and his Opinion and Award filed 9 February 1996. The appealing party has not shown good reason to reconsider the evidence; receive further evidence; or rehear the parties or their representatives, with the exception of modifications of the Order.
* * * * * * * * * * * * * * * * * *
Based upon the competent evidence, the Full Commission makes the following:
FINDINGS OF FACT
1. On 29 September 1990 plaintiff sustained the admittedly compensable back and left ankle injuries when he fell in a drainage ditch attempting to get out of a company truck resulting in a fractured left ankle and a left-sided lumbar disc herniation at the L-4, L-5 level.
2. The same injuries were treated conservatively with medication, physical therapy and casting of the involved ankle fracture. Although corrective surgery remains a possible alternative for his herniated lumbar disc, plaintiff has been able to tolerate his intermittent episodes of back and left leg pain and does not desire to undergo back surgery unless his symptoms become intolerable.
3. In 1992 plaintiff moved from the State of Mississippi, where he had been treated at defendant's expense by several specialists, to the State of Ohio where he was without a treating physician. On or about 20 January 1993, Jeanne Hall, the former adjuster for the carrier, agreed for the plaintiff to select the treating orthopedist. Plaintiff then selected Dr. Robert Zaas of Beechwood, Ohio, as his treating physician and orthopedist.
4. By the time he was initially seen by Dr. Zaas on 18 May 1993 plaintiff had reached maximum medical improvement and/or the end of the healing period from and following the injury by accident and his condition has since remained basically unchanged.
5. Since that time plaintiff has been treated by Dr. Zaas without objection from the defendants, until such time as Dr. Zaas rated on 5 May 1995 plaintiff as having a 55% permanent partial disability of his back, although he has never undergone any back surgery. The amount of permanent partial disability rating was the issue resolved by Deputy Commissioner Shuping in the Opinion and Award entered in this case on 9 February 1996. Plaintiff was found to have retained a 20% permanent partial disability of the back based on his intermittent episodes of back and left leg pain. Further, plaintiff was found to have retained a 30% permanent partial disability of his left foot as a result of the fracture and the resulting losses of motion of both the ankle and foot. Neither party appealed from this Opinion and Award.
6. Subsequent to the entry of the Opinion and Award in this case, plaintiff returned on 8 March 1996 to Dr. Zaas who again indicated that another MRI would be helpful to define the status of the disc herniation and to determine whether other discs are now involved. The carrier objected to the continued treatment of Dr. Zaas, including his recommendation that plaintiff undergo an MRI.
7. Following the arguments of the parties before the Full Commission defendants moved to be allowed to change plaintiff's treating physician from Dr. Zaas to Dr. Hawes, who performed the independent medical examination regarding permanent-impairment, or to some other physician to whom the parties mutually consent. Plaintiff objected to such change.
8. The appeal was brought by defendants from the Deputy Commissioner's Order directing medical expenses to be paid on plaintiff's behalf.
* * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes and ORDERS as follows:
CONCLUSIONS OF LAW
 AND
 ORDER
1. Plaintiff is entitled to undergo at defendants' expense an MRI so that Dr. Zaas may then evaluate plaintiff at defendants' expense after having the benefit of the MRI results. Dr. Zaas is hereby ORDERED to then record his recommendations for further treatment, including surgical and/or diagnostic procedures, if any. When this evaluation is completed, defendants are hereby ALLOWED to designate a new treating physician, preferably one mutually agreed upon by the parties, who shall likewise evaluate plaintiff and file recommendations. As a consequence of having both physicians' opinions, the best course of treatment for plaintiff can then be followed.
The Commission recognizes that both sides have legitimate concerns which place them "at odds." However, each are disadvantaged when these concerns dominate the relationship. Therefore, considering the totality of the circumstances, it appears to be in the best interests of all the parties, especially the individual plaintiff, to start a fresh course of treatment, if determined necessary, by a previously uninvolved physician. The parties are urged to put aside their harsh words and seek a harmonious relationship as they will in all likelihood be dealing with each other for some time to come. N.C. Gen. Stat. § 97-25.
2. As the facts in this case meet the criteria set forth in the provisions of N.C. Gen. Stat. § 97-88, defendants shall bear the costs of this proceedings, including plaintiff's attorneys fees in the amount of $1,000.00 which shall be paid directly to plaintiff's attorney but which shall not come from moneys due plaintiff. N.C. Gen. Stat. § 97-88.
This is the 21st of March 1997.
 S/ _______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING: S/ _____________ COY M. VANCE COMMISSIONER
S/ _____________ J. RANDOLPH WARD COMMISSIONER